UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.  **CV 16-09472 PA (AFMx)**  Date: December 29, 2016

Title  **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Juan Martinez; Monique Ruiz; Guillermo Ruiz; and Does 1 to 6, inclusive**

Present: The Honorable:  PERCY ANDERSON, U.S. DISTRICT JUDGE

| Stephen Montes Kerr | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers)  ORDER REMANDING MATTER TO STATE COURT

On October 11, 2016, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Plaintiff") instituted unlawful detainer proceedings against Juan Martinez, Monique Ruiz, Guillermo Ruiz and Does 1 to 6, inclusive ("Defendants") in state court. Defendants have allegedly continued in unlawful possession of the property located at 10328 Rosewood Ave., South Gate, CA 90280 (the "Property") that is owned by Plaintiff. Defendant Martinez is the former owner of the Property, who lost the Property through foreclosure on or about February 11, 2016. (Compl., ¶ 5.) Defendants have remained in possession of the Property, and on October 1, 2016, were served with a 3-Day Notice to Quit. (*Id.*, ¶ 6.) Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit. Plaintiff estimates the fair rental value of the Property as $50.00 per day. Defendant Martinez removed the action to this Court on December 22, 2016. Defendant Martinez asserts (i) that jurisdiction exists in this Court because "it is a civil action based upon the Federal Debt Collections Practices Act" (Notice of Removal, ¶ 4); (ii) complete diversity of citizenship exists because "Plaintiff is incorporated in a state other than California and its principal place of business is located in states other than California" (*Id.*, ¶ 6); and (iii) the amount in controversy more likely than not exceeds $75,000 (*Id.*, ¶ 7).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-09472 PA (AFMx)**                                       Date: December 29, 2016

Title      **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Juan Martinez; Monique Ruiz; Guillermo Ruiz; and Does 1 to 6, inclusive**

from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

First, it is clear that there is no diversity jurisdiction under 28 U.S.C. § 1332. The Civil Cover Sheet does not indicate diversity jurisdiction or the citizenship of the parties. But even if Defendant Martinez could establish diversity, the amount in controversy is alleged to be below $10,000 (Compl., ¶ 1) – well below the statutory threshold of $75,000. Defendant Martinez has not plausibly alleged that the amount in controversy requirement has been met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). The Complaint asserts damages at the rate of $50.00 per day for each day Defendants continue in possession of the property. (Compl., ¶ 10.) Plaintiff has alleged all of this will total less than $10,000, and Defendant Martinez has made no plausible allegations showing how those damages and any potential counterclaim damages would exceed $75,000. Defendants' separate pending lawsuit in state court against Plaintiff for damages is unavailing because Defendant Martinez cannot justify diversity jurisdiction based on the alleged value of a yet-to-be asserted counterclaim in this Court. *See Frantz v. Midland Corporate Tax Credit III Ltd. Partnership*, 2014 WL 4656475 at *2 (D. Id. 2014) (counterclaims cannot be used to satisfy the amount in controversy requirement to establish removal jurisdiction); *Franklin v. Car Financial Services, Inc.*, 2009 WL 3762687 at *2 (S.D. Cal. 2009) (same).

Second, subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendant

|  | : |
|---|---|
| **Initials of Preparer** | smk |